COURT CLERKS OFFICE

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AUG - 4 2022
SEAN F. McAVOY, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA | NO. 1:22-CR-2027-LRS |
|---|---|
| Plaintiff | |
| v. | MOTION TO DISMISS INDICTMENT PURSUANT |
| NATHAN LYNN CLOUD | TO FED. R. CRIM. P 6. |
| Defendant | (E)(ii) VIOLATION UNDER BRADY AND NAPUE VIOLATION |

This is a motion by Defendant NATHAN LYNN CLOUD pro'se pursuant to Fed. R. Crim. P. 6 (E)(ii) and, Brady v. Maryland, moves to DISMISS SUPERSEDING INDICTMENT.

BACKGROUND

On January 27, 2022 Yakima County Sheriff officers went to Mr. Cloud's home

pg 1.

to serve a warrant for his arrest at which time Mr. Cloud fled on a quad vehicle and evaded arrest by driving through a number of orchards.

United State Marshall's is noted in assisting in the chase and capture of Mr. Cloud at which time Mr. Cloud was given and followed directives by law enforcement.

A search of Mr. Cloud yielded a small amount of controlled substance, allegedly five small bags methamphetamine and, a bag containing a small amount of blue tablets marked M.30, a vial of methamphetamine, and a very small amount of marijuana.[1]

Mr. Kyle Mowatt a United State Probation officer wa deployed to supervise Mr. Cloud after serving a term in prison for violation of 18 U.S.C 922(g)(1) and 924(a)(2)

---

[1] See United State District Court Petition for Warrant Attatched

pg 2.

Felon in Possession of a Firearm.

## PROBATION HISTORY

Mr. Cloud's supervision commenced on November 7, 2019 and, have been a number of violation for using and possession methamphetamine.

Mr. Cloud have entered drug treatment all to no avail due to his active illness with drug addiction, notably the cause of most probation violations in Washington State.

21 U.S.C. 841 (a)(1)(b)(1)(B)(viii)
Possession With Intent To Distribute
5. Grams or More Of Actual (Pure)
Methamphetamine

Under this statute the, Possession with intent to distribute must contain the mens rea element in the charging

pg 3

document(s)

The first element is Mr. Cloud's state of mind in possessing the controlled substance, and secondly: Actus Reus, the wrongful deed that comprises the phisical component of a crime.

21 U.S.C 841 (a)(1)(b)(1)(c)
Possession With Intent To Distribute A Mixture or Substance Containing A Detectable Amount Of Fentanyl.

Under this statute the, Possession With Intent To Distribute must contain the mens rea elements in the charging document(s).

The first element is Mr. Cloud's state of mind in possessing the controlled substance and, Secondly; Actus Reus, the wrongful deed that comprises the physical component of the crime.

pg. 4.

3  Review of the narrative writen by Mr.
4  Cloud's probation officer Mr. Kyle Mowatt
5  March 11, 2022. Law enforcement went to
6  Mr. Cloud's home to serve a probation
7  violation warrant viable under case No.
8  0980 1:16CR0200-LRS-1

10 According to the narrative, Northwest
11 Violent Offender's Task Force (PNWVOTF)
12 observed Mr. Cloud jumping on a quad
13 vehicle and driving through orchards
14 in a attempt to evade arrest, and,
15 though a pat search of Mr. Cloud found
16 a glass pipe laced with methamphet-
17 amine residue, 5 bags of methamphet-
18 amine, 12 blue tablets that may or may
19 not contain a detectable amount of
20 fentanyl.

22 This was not a sting or plot by the
23 task force to catch Mr. Cloud saling
24 drugs out of his home.

pg 5.

There is no confident Informer, cooperating defendant, no audio or video recording of a transaction, no buy money as a result of a drug transaction.

Under the statute in the indictment charging Mr. Cloud with intent to distribute without any of these factors above pursuant to the mens rea elements, possession with intent to distribute is no where to be found.

### I. GROUND FOR DISMISSING INDICTMENT
### Fed. R. Crim. P. 6 (E)(ii)

Pursuant to Fed. R. Crim. 6. (E)(ii), Mr. Cloud believe that there are grounds that exist to dismiss the indictment because of matters that occured before the Grand Jury

(1) False and colorable testimony was presented to the grand jury to obtain a

pg 6.

```
1
2
3  grand jury indictment where the narrative
4  and all reports of Mr. Cloud's actions
5  during service of the arrest warrant do
6  not fit the statutes he is charged with
7  violating.
8
9  (2) Law Enforcement exaggerated a
10 text message found in a phone in Mr.
11 Cloud's possession of someone asking him
12 if he had any blues that was sent months
13 before this incident in the charging indictment
14 Inwhich Mr. Cloud did not respond to the
15 text message.
16
17            BRADY VIOLATION
18
19 Pursuant to Fed. R. Crim P. 5 (F)(1)
20 Reminder of The Prosecutorial obligation
21 under Brady v. Maryland, 373 U.S. 83
22 (1963) Law Enforcement suppressed
23 the timeline of the text message
24 in order to give the grand jury and
25 envisage feel that Mr. Cloud is a drug dealer.
```

The three components of a true Brady violation (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching. (2) that the evidence must have been suppressed by the prosecutor, either willfully or inadvertently; and (3) prejudice ensued. Strickler v. Greene, 527 U.S. 263, 281-82 119 S.Ct. 1936 144 L.Ed.2d 286 (1999) citing United States v. Bernard, 623 F.3d 551, 556 (9th Cir 1979)

In order for the prosecutor to comply with Brady he/she has a duty to lear of any favorable evidence known to others acting on the governments behalf in the case including police and probation officer in Mr. Cloud's case.

### NAPUE CLAIM

pg 8.

To establish a Napue claim under Napue v. Illionis, 360 U.S. 264, 269, 79 S.Ct 1173, L.Ed. 2d 1217 (1959), the defense must show (1) that the testimony or evidence was actually false (2) The prosecutor knew or should have known that the testimony was actually false and (3) The false testimony was material (2022 U.S. Dist LEXIS 16) Towery 641 F.3d at 308 quoting United States v. Zuno-Arce, 339 F.3d 886, 889 (9th cir 2003) In assessing material, the court must determine whether there is any reasonable likelihood that the months old text message could have affected the grand jury decision.

The evidence taken and represented (Months old Text Message) is by no way related to the conduct Mr. Cloud is being charged with and representing and attesting to this evidence

```
 3  before a grand jury violates Fed. R. Evid.
 4  403 for the probative value bears the
 5  danger of unfair prejudice and did in
 6  fact mislead the grand jury decision in
 7  believing the controlled substance found
 8  on Mr. Cloud was infact intented for dist-
 9  ribution and sales and not simple
10  possession of a well documented character-
11  istics of Mr. Cloud's drug addiction

13  THEREBY Mr. Cloud have met the cause
14  to dismiss the indictment under Fed. R.
15  Crim. P. 6(E)(ii), Brady and Napue
16  claim under the stated law.

18  Respectfully Submitted
19  /s/ Nathan L. Cloud
20        Signiture
21  Nathan. L. Cloud        7-31-2022
22        Print
23  Yakima County Jail
24  111 No. Front Street
25  Yakima Wa. 98901
          Address
```

pg 10.